[Cite as *Bedford v. Deal*, 2013-Ohio-3240.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99071**

## CITY OF BEDFORD

PLAINTIFF-APPELLEE

vs.

## JAMES L. DEAL

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Bedford Municipal Court
Case No. 12-CRB-01020

**BEFORE:** E.T. Gallagher, J., Jones, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** July 25, 2013

**FOR APPELLANT**

James L. Deal, pro se
787 Archer Road
Bedford, OH 44146


**ATTORNEYS FOR APPELLEE**

Kenneth Schuman
Prosecutor
City of Bedford
165 Center Road
Bedford, OH 44146


Charles A. Bakula
30285 Bruce Industrial Parkway
Suite C - 2nd Floor
Solon, OH 44139

EILEEN T. GALLAGHER, J.:

{¶1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.

{¶2} Defendant-appellant James Deal ("Deal") appeals a judgment from the Bedford Municipal Court finding him guilty of violating Bedford Codified Ordinances ("BCO") 505.03, which prohibits the possession of certain animals. We find no merit to the appeal and affirm.

{¶3} On June 22, 2012, Deal was charged with violating BCO 505.03 because he possessed animals prohibited by the ordinance. Officer Laura Hovanetz ("Hovanetz") responded to Deal's home and removed one pygmy goat and four chickens. The court found Deal guilty of the violation at trial. Deal now appeals pro se.

{¶4} In his sole assignment of error, Deal argues the trial court erred in finding him guilty of violating BCO 505.03 because the ordinance is unconstitutional. BCO 505.03 provides, in relevant part:

> (a) No person shall harbor, maintain or keep a rabbit hutch, goat pen or chicken coop with such animals therein, or any horse, cow, duck, turkey, geese or other fowl within the City limits. (Ord. 7185-99. Passed 12-20-99).
>
> *    *    *
> (c) Whoever violates this section is guilty of a minor misdemeanor.[1]

---

[1] The city enacted BCO 505.03 pursuant to R.C. 715.23, which governs the impounding of animals and states:

Except as otherwise provided in section 955.221 of the Revised Code

**{¶5}** Deal argues BCO 505.03 is unconstitutional because it violates both the United States and Ohio Constitutions. Deal quotes Article I, Section 1, of the Ohio Constitution, which states:

> All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety. Section 1, Article I, Ohio Constitution.

**{¶6}** The Due Process Clause of the Ohio Constitution provides that "every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law." The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits any state from depriving "any person of life, liberty, or property, without due process of law * * * ." The touchstone of due process is protection of the individual against arbitrary governmental action. *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998).

**{¶7}** However, the Ohio Constitution also provides for the exercise of state and local police power in derogation of the right to hold private property. Article I, Section 19 of the Ohio Constitution states: "Private property shall ever be held inviolate, but

---

regarding dogs, a municipal corporation may regulate, restrain, or prohibit the running at large, within the municipal corporation, of cattle, horses, swine, sheep, goats, geese, chickens, or other fowl or animals, impound and hold the fowl or animals, and, on notice to the owners, authorize the sale of the fowl or animals for the penalty imposed by any ordinance, and the cost and expenses of the proceedings.

subservient to the public welfare." Thus, under certain circumstances, legislation may be upheld even though it interferes with the enjoyment of liberty or the possession of private property. *State v. Anderson*, 57 Ohio St.3d 168, 170, 566 N.E.2d 1224 (1991).[2]

{¶8} In determining whether legislation violates due process, courts employ one of two tests: strict scrutiny or rational-basis review. When legislation infringes fundamental rights, courts review the law under a strict scrutiny test and uphold the law only when it is "narrowly tailored to serve a compelling state interest." *Reno v. Flores*, 507 U.S. 292, 302, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993). Where the law does not impact a fundamental right, courts employ rational-basis review. *Washington v. Glucksberg*, 521 U.S. 702, 720, 117 S.Ct. 2302, 138 L.Ed.2d 772 (1997). The right to due process under the Ohio Constitution is functionally equivalent to the Due Process Clause of the Fourteenth Amendment to the United States Constitution and requires the same analysis. *Direct Plumbing Supply Co. v. Dayton*, 138 Ohio St. 540, 544, 38 N.E.2d 70 (1941).

{¶9} Fundamental rights requiring strict scrutiny, include: "the rights to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, and to abortion." *Glucksberg*, 521 U.S. at 720. The maintenance of animals is not a fundamental right. *Akron v. Ross*, 9th Dist. No.

_____

[2] *See also* Ohio Constitution, Article XVIII, Section 3 ( "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

20338, 2001 Ohio App. LEXIS 3083 *17 (July 11, 2001); *Cuyahoga Falls v. Vogel*, 9th Dist. No. 18826, 1998 Ohio App. LEXIS 4322, *7 (Sept. 16, 1998). Therefore, we apply the rational basis test to BCO 505.03.

{¶10} Under the rational-basis test, a statute will be upheld if it is rationally related to a legitimate governmental interest. *Am. Assn. of Univ. Professors, Cent. State Univ. Chapter v. Cent. State Univ.*, 87 Ohio St.3d 55, 58, 1999-Ohio-248, 717 N.E.2d 286 (1999). Legislation is rationally related to a legitimate governmental interest if: (1) it bears a real and substantial relation to the public health, safety, morals, or general welfare of the public, and (2) it is not unreasonable or arbitrary. *Desenco, Inc. v. Akron*, 84 Ohio St.3d 535, 706 N.E.2d 323 (1999), citing *Benjamin v. Columbus*, 167 Ohio St. 103, 110, 146 N.E.2d 854 (1957). Therefore, "the statute must be upheld if there exists any conceivable set of facts under which the classification rationally furthered a legitimate legislative objective." *Morris v. Savoy*, 61 Ohio St.3d 684, 576 N.E.2d 765 (1991), quoting *Schwan v. Riverside Methodist Hosp.*, 6 Ohio St.3d 300, 452 N.E.2d 1337 (1983).

{¶11} In this case, BCO 505.03 prohibits residents from harboring, maintaining, or keeping certain animals including goats and chickens. The ordinance is intended to protect the public from unsanitary conditions and/or noxious odors, which are legitimate government concerns. We are aware that raising goats and chickens on so called "urban farms" is increasing in popularity. Citizens wishing to keep such animals may petition their local governments to amend the ordinances to allow such animals as pets. In this

way, the city may allow its residents to keep certain farm animals while creating restrictions, such as limitations on the number of animals and/or building requirements, that protect the public's safety and welfare. Nevertheless, because BCO 505.03's prohibition on certain animals is rationally related to a legitimate governmental interest, it is constitutional.

{¶12} Deal also argues the city violated his right to be free from unreasonable searches and seizures under Fourth Amendment to the United States Constitution when it confiscated his animals. However, even if the animals were removed illegally, Deal admits the animals were on his property in violation of the ordinance. Therefore, the court would have convicted him even if the seizure of his animals was illegal. The seizure has no bearing on his conviction.

{¶13} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Bedford Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
MARY EILEEN KILBANE, J., CONCUR